IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HASCHENBURGER, | ) | CASE NO. 4:11 CV 1196 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of William Haschenburger for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Haschenburger was convicted at a jury trial in 2005 of 10 counts of rape and then sentenced to 10 years in prison for each count, such sentence to be served consecutively.[3] He was then resentenced after the appeals court vacated the conviction on one count.[4] He is presently incarcerated at the Trumbull Correctional Institution by reason of that conviction and resentencing.[5] Haschenburger now raises five

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson in a non-document order entered June 17, 2011.

[2] ECF # 1.

[3] ECF # 9, Attachment 1 (state court record) at 11-12.

[4] *Id.* at 142.

[5] *See*, ECF # 1.

grounds for relief in a petition that the State asserts should be dismissed as untimely filed.[6] Alternatively, the State raises issues of exhaustion and procedural default. Haschenburger has filed a traverse.[7]

For the reasons that follow, I will recommend that the petition be dismissed as untimely filed.

## Facts

**A.     Background facts, conviction and sentence**

The relevant background facts as determined by the state appeals court[8] are relatively straightforward. Haschenburger began a secret sexual relationship with D.M., the daughter of one of Haschenburger's close friends, when D.M. was 14 years old, and continued that relationship until D.M. was 16, when she broke it off.[9] Ultimately, when D.M. was 18, and at the urging of her boyfriend, she told her parents about what happened with Haschenburger.[10] She filed a police report and was examined by a physician.[11] An indictment

---

[6] ECF # 6.

[7] ECF # 8.

[8] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[9] ECF # 6, Attachment 1 at 113.

[10] *Id.*

[11] *Id.*

on 10 counts of rape followed, and, as noted, Haschenburger was then convicted by a jury on all counts, receiving a total sentence of 100 years in prison.[12]

## B. Direct appeal

Represented by different counsel than at trial, Haschenburger filed a timely[13] notice of appeal.[14] In his brief, Haschenburger raised nine assignments of error:

1. The trial court erred in permitting the testimony of Dr. Dewar, a direct violation of *State v. Boston* (1989), 46 Ohio St. 3d 108.[15]

2. The trial court erred when it provided the jurors with the wrong definition of "force," an essential element of the crime of rape.[16]

3. The Appellant's convictions in the instant matter are not supported by insufficient evidence.[17]

4. The underlying convictions are against the manifest weight of the evidence.[18]

5. The trial court erred in providing the *Eskridge* definition of force where the Appellant was not in a position of authority and where the jurors

---

[12] *Id.*

[13] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[14] ECF # 6, Attachment 1 at 13-14.

[15] *Id.*, at 33.

[16] *Id.*, at 36.

[17] *Id.*, at 43.

[18] *Id.*, at 47.

> were not instructed to determine whether the Appellant held a position of authority.[19]
>
> 6. Trial counsel was ineffective when she failed to object to the definition of "force" as defined for the jurors.[20]
>
> 7. The trial court erred in permitting witnesses to bolster the credibility of the alleged victim.[21]
>
> 8. The Appellant's federal and state rights to due process rights were violated where the State failed to indict the Appellant with sufficient specificity.[22]
>
> 9. The Appellant was denied his constitutional right to a trial by jury by maximum and consecutive terms of imprisonment.[23]

The State filed a brief in response.[24] On March 27, 2007, the court of appeals affirmed Haschenburger's convictions on Counts One through Nine of the indictment, but reversed the conviction in Count Ten due to lack of sufficient evidence. Accordingly, the sentence in Count Ten was vacated and the case remanded to the trial court for resentencing on the remaining nine counts in accordance with *State v. Foster*.[25]

---

[19] *Id.*, at 48.

[20] *Id.*, at 49.

[21] *Id.*, at 50.

[22] *Id.*, at 51.

[23] *Id.*, at 53.

[24] *Id.*, at 79.

[25] *Id.*, at 112-25. *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

### C. Ohio Supreme Court

On May 7, 2007, the State of Ohio appealed the appellate decision to the Ohio Supreme Court, raising one proposition of law:

> I.    Under *State v. Eskridge*, if the government provides evidence of (2) [sic] a relationship between the aggressor and the victim, giving rise to a feeling of helplessness; and (2) the aggressor's exploitation of that environment of helplessness to consummate rape, then the State has sufficient evidence to support a conviction under R.C. 2907.02(A)(2)(b) for forcible rape.[26]

Thereafter, Haschenburger, through new counsel, filed a notice of cross-appeal.[27] On June 6, 2007, Haschenburger filed his jurisdictional memorandum and response to the State's jurisdictional memorandum raising the following propositions of law:

> I.    The Due Process Clause of U.S. Const., Amend. XIV, and Ohio Const., Art. I §§ 1, 2 and 16 protect an accused against conviction except upon proof beyond a reasonable doubt of every statutorily defined element of the crime with which he is charged.
>
> II.    Where there is a true question of fact, the trial court's jury instructions must be worded so that the jury understands that the factual issue has not been decided by the court and must be determined by the jury.[28]

---

[26] *Id.*, at 126, 129.

[27] *Id.*, at 169.

[28] *Id.*, at 173.

The State filed a waiver of memorandum in response.[29] On September 26, 1007, the Ohio Supreme Court declined jurisdiction to hear the appeal and cross-appeal and dismissed the case because it did not involve any substantial constitutional question.[30]

**D.     Resentencing**

Upon remand, a resentencing hearing was held. On November 5, 2007, the trial court sentenced Haschenburger to a consecutive term of ten years incarceration on each of the nine counts of rape for a total of 90 years.[31]

Haschenburger, through counsel, timely appealed of his resentencing.[32] In his brief, Haschenburger asserted two assignments of error:

1.     The trial court erred in sentencing Appellant under a post-*Foster* application of Ohio Felony Sentencing Law, in violation of the Ex Post Facto provisions of the Ohio and United States Constitutions.

2.     The trial court erred in sentencing Appellant in a way that violated the intent of the General Assembly when it enacted the revised Ohio felony sentencing law in S.B. 2.[33]

---

[29] *Id.*, at 216.

[30] *Id.*, at 217.

[31] *Id.*, at 218-19.

[32] *Id.*, at 220-21.

[33] *Id.*, at 225.

In response, the State filed a brief and subsequent supplemental authority.[34] On December 29, 2008, the court of appeals affirmed the judgment of the trial court.[35] Haschenburger did not pursue an appeal to the Ohio Supreme Court.

**E.     Postconviction proceedings**

On September 10, 2008, Haschenburger filed a petition to vacate or set aside sentence and raised the following claims:

1. Petitioner was denied his state and federally guaranteed constitutional rights when his trial counsel refused, despite Petitioner's repeated requests to call Petitioner to testify on his own behalf.

2. Petitioner was denied the effective assistance of trial counsel, guaranteed by U.S. Const., Amend. VI AND XIV and by Ohio Const., Art. I, §§ I, 2, 10 and 16 when his trial counsel, without prior knowledge and consent of the accused, disclosed documents which were harmful to the accused.[36]

The trial court denied the petition for postconviction relief as untimely under R.C. 2953.21 and because Haschenburger failed to present substantive grounds for relief.[37]

Haschenburger appealed the denial of his postconviction petition.[38] In his merit brief, Haschenburger set forth the following assignments of error:

---

[34] *Id.*, at 254, 280.

[35] *Id.*, at 283.

[36] *Id.*, at 295.

[37] *Id.*, at 309-12.

[38] *Id.*, at 313-14.

-7-

1. The trial court erred in dismissing Appellant's petition as untimely because the petition was filed within 180 days of the transmission of the record during a direct appeal.

2. The trial court erred and denied Appellant's due process when it ruled on the State's motion to dismiss and/or motion for judgment on the pleadings without affording Appellant an opportunity to reply.

3. The trial court erred in its substantive reasons for the denying the petition, thus denying Appellant meaningful access to the Courts of this State.[39]

The State filed a brief in response.[40] The court of appeals thereupon affirmed the judgment of the trial court.[41]

Haschenburger subsequently filed a motion to certify conflict[42] and further sought leave to supplement his motion.[43] The court of appeals denied the motion.[44]

Meanwhile, on January 25, 2010, Haschenburger appealed the denial of his postconviction motion to the Ohio Supreme Court, setting forth the following propositions of law in his memorandum in support of jurisdiction:

I. When a trial court's original judgment is vacated for any reasons, collateral challenges must be filed within the statute of limitations for the subsequent, valid judgment.

---

[39] *Id.*, at 316.

[40] *Id.*, at 343.

[41] *Id.*, at 359.

[42] *Id.*, at 374.

[43] *Id.*, at 379.

[44] *Id.*, at 385.

> II. A trial court may not grant a dispositive motion before the expiration of the response time that local rules provide to a non-moving party.
>
> III. Only a defendant can waive his Fifth and Fourteenth Amendment right to testify. There is no constitutional requirement that a defendant "take some overt action to bring to the court's attention his desire to testify."
>
> IV. The trial court should have granted an evidentiary hearing on Mr. Haschenburger's claim that trial counsel prejudiced him by disclosing confidential documents to the prosecutor.[45]

On April 14, 2010, the Ohio Supreme Court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question.[46] Haschenburger then moved for reconsideration of his first proposition of law.[47] The State filed a response in opposition,[48] to which Haschenburger submitted additional authority in support of Proposition of Law No. I.[49] On June 9, 2010, the Ohio Supreme Court denied the motion for reconsideration.[50]

## F. Federal habeas corpus

Haschenburger, through counsel, filed the instant federal habeas petition on June 9, 2010. His grounds for relief are as follows:

---

[45] *Id.*, at 390, 392.

[46] *Id.*, at 431.

[47] *Id.*, at 432.

[48] *Id.*, at 457.

[49] *Id.*, at 461.

[50] *Id.* at 464.

**Ground One**: Petitioner was denied due process of law, U.S. Const., Amend. XIV when he was convicted upon insufficient evidence of a required statutory element of force.

**Ground Two**: Petitioner was denied due process of law, U.S. Const., Amend. XIV when he was denied the right to testify on his own behalf.

**Ground Three**: Petitioner was denied due process of law, U.S. Const., Amend. XIV and the effective assistance of counsel when his counsel failed to object to jury instructions that lessened the State's burden of proof and resulted in convictions premised upon insufficient evidence.

**Ground Four**: Petitioner was denied the effective assistance of counsel secured by U.S. Const., Amend. VI and XIV when his trial counsel violated an essential duty by disclosing documents to the State which were harmful to Petitioner.

**Ground Five**: Petitioner was resentenced under a post-*Foster* application of Ohio felony sentencing law that violates the Ex Post Facto provisions of the United States Constitution.[51]

## Analysis

**A.    Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Haschenburger is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Haschenburger meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[52]

---

[51] ECF # 1 at 2.

[52] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

2.   There is a dispute, as detailed earlier, as to whether this petition was timely filed under the applicable statute.[53]

3.   My own review of the docket in this Court confirms that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[54]

4.   Moreover, there is a claim by the State that these claims have not been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[55]

5.   Finally, because Haschenburger is represented by counsel, he has not requested the appointment of counsel.[56] But, he has requested an evidentiary hearing to develop the factual bases of his claims.[57]

**B.   Standard of review – timeliness, tolling, and equitable tolling**

Under the AEDPA, a one-year statute of limitations applies to all applications for a writ of habeas corpus.[58]

This statute of limitations begins to run from the latest of the following occurrences: (a) the date on which the judgment became final, *i.e.*, at the conclusion of direct review or when the time for seeking direct review has expired; (b) the date on which any impediment

---

[53] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[54] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[55] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[56] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[57] ECF # 1 at 24.

[58] 28 U.S.C. § 2244(d)(1).

to filing was removed by the state; (c) the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; and (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[59]

In addition, the statute further provides that the limitations period shall not run during the pendency of "a properly filed application for State post-conviction or other collateral review."[60] The United States Supreme Court has held that because time limitations on postconviction petitions are conditions to filing, an untimely filed state postconviction petition, as that time is adjudicated by the state court, is not "properly filed" under the terms of the limitations statute and not entitled to the statutory tolling of § 2244(d)(2).[61]

But, if statutory tolling is not available, the Supreme Court has concluded that the time requirement of "§ 2244(d) is subject to equitable tolling."[62] In that regard, the Supreme Court teaches that "a habeas petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[63]

---

[59] *Id.* at §§ 2244(d)(1)(A)-(D).

[60] *Id.* at § 2244(d)(2).

[61] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

[62] *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010).

[63] *Id.* at 2562 (quoting *Pace*, 544 U.S. at 418).

**C.     Application of standard – equitable tolling should not apply here and, thus, Haschenburger's habeas petition should be dismissed as timely.**

Initially, as calculated by the State (and not disputed by Haschenburger), the one-year federal habeas time limitation period began here on February 13, 2009.[64] The State court of appeals had affirmed the judgment on resentencing on December 29, 2008, and because Haschenburger did not appeal that judgment to the Supreme Court of Ohio, the appeals court judgment was final forty days after it was entered.[65] Without any tolling, Haschenburger was required under the AEDPA to file his petition for federal habeas relief by February 12, 2010. But, as will be discussed below, the postconviction action he filed on September 10, 2008, was not "properly filed" and so it did not toll the AEDPA limitations period. Accordingly, the current habeas petition, filed on June 9, 2011 – or more than one year beyond the expiration of the limitations period – is untimely.

In this case, there is no doubt that both the Ohio trial court[66] and then the state appeals court[67] found Haschenburger's postconviction petition to be untimely. As the trial court stated, Ohio Revised Code § 2953.21(A)(2) requires such a petition to be filed within 180 days of the trial transcript being filed. Thus, because Haschenburger filed his

---

[64] ECF # 6 at 10.

[65] *Id.* (citing Rule II, Section 2(A)(1)(a) of the Rules of Practice of the Supreme Court of Ohio, providing that a notice of appeal must be filed within forty-five days of the judgment or order being appealed).

[66] ECF # 6, Attachment at 309-12.

[67] *Id.* at 359-72.

postconviction petition on September 10, 2008, that filing was 881 days after the transcript of his trial was filed on April 13, 2006 and so untimely.[68]

Accordingly, as the Supreme Court stated in *Pace v. DiGuglielmo*,[69] this determination by the state court that Haschenburger's postconviction motion was not "properly filed" for purposes of the federal habeas statute means that the time his postconviction motion was pending in the Ohio courts cannot serve to statutorily toll the one-year habeas limitations period. Thus, the issue becomes whether Haschenburger is entitled to equitable tolling under the two-part test articulated by the Supreme Court in *Holland v. Florida*.[70]

In that regard, Haschenburger's argument is essentially that he acted diligently in not filing his postconviction petition until after his resentencing because Ohio law at the time held that his original sentence was void, and thus a postconviction petition could be filed only after a valid judgment, *i.e.*, after resentencing.[71] He further contends that to the extent that Ohio law now construes his prior sentence as merely voidable, previous alleged

---

[68] *Id.* at 309.

[69] *See*, *Pace*, 544 U.S. at 417.

[70] *Holland*, 130 S. Ct. 2549.

[71] ECF # 8 at 13.

"confusing and contradictory"[72] statements of the law in Ohio constitute an "extraordinary circumstance," as that concept is set forth in *Pace*, that would justify equitable tolling.[73]

The state appeals court opinion here dealing with the untimely postconviction motion gives some credence to Haschenburger's argument that Ohio courts after *Foster* were unclear or imprecise as to which original sentences were void and which were merely voidable.[74] But a close reading of that decision and of the decisions cited therein indicates that any perceived uncertainty over whether Haschenburger's original sentence was void or just voidable does not provide a basis for equitable tolling.

First, even if Haschenburger is entirely correct about confusion in the Ohio courts immediately after the decision in *Foster*, any confusion was eliminated by the Ohio Supreme Court's decision in *State v. Payne*[75] issued in September, 2007, or a full year before Haschenburger filed his postconviction motion. *Payne* stated clearly that pre-*Foster* sentences, like Haschenburger's, which fell within the statutory range were not void but merely voidable.[76] Thus, even if Haschenburger's contention is credible that *Foster* held his pre-*Foster* sentence to be void, *Payne* clearly established that his sentence was merely voidable. As such, I find no basis for claiming Haschenburger acted diligently in waiting a

---

[72] *Id.* at 14.

[73] *Id.* at 13-15.

[74] *See*, ECF # 6, Attachment at 364-66.

[75] *State v. Payne*, 114 Ohio St. 3d 502, 873 N.E.2d 306 (2007).

[76] *Id.* at 508.

full year after *Payne* to file his postconviction petition and then justify the delay on the grounds that he was unclear about an aspect of the law that had been well-articulated for a year.

More importantly, as the Ohio Eighth District Court of Appeals stated in *State v. Casalicchio*,[77] a case relied upon by the appeals court in this matter, even a void sentence does not "'re-start the clock' [so as] to extend [the] time for filing a postconviction relief petition."[78] Casalicchio, like Haschenburger, filed an untimely petition for postconviction relief.[79] Then, also like Haschenburger, he argued that because his original conviction, which had been set aside by *Foster*, was void and a legal nullity, "his conviction became 'real' and 'final' only when his second sentence was imposed, and his time to file a postconviction relief petition began to run then."[80]

While the appeals court acknowledged that it had previously erred in characterizing Casalicchio's prior conviction as merely voidable[81] and further stated its "admiration" for Casalicchio's argument, which here is Haschenburger's, that his prior void conviction should leave him in the same position as if there had no prior judgment, the court found that even

---

[77] *State v. Casalicchio*, No. 89555, 2008 WL 2058528 (Ohio Ct. App. May 15, 2008).

[78] *Id.*, at *3.

[79] *Id.*, at *2.

[80] *Id.*

[81] *Id.*, at *3. Because Casalicchio's prior conviction was required to have included post-release control, it was properly void, not voidable.

a void sentence does not re-start the clock for filing postconviction petitions.[82] In that regard, the *Casalicchio* court, relying on the Ohio Tenth District case of *State v. Laws*,[83] concluded that in order to effectuate the purposes of the time limits provided for in the statute governing postconviction filings, the clock for filing must begin to run at the time the transcript is filed after the first appeal.[84] In particular, *Casalicchio* further noted that *Laws* had concluded that the time limits for filing for postconviction relief in Ohio law were "mandatory jurisdictional requirements," subject to modification only as provided in the statute.[85]

Thus, quite apart from any issue about whether a post-*Foster* conviction was void or voidable, Ohio law was clear that the time limit for filing for postconviction relief was a mandatory jurisdictional requirement and that the clock began to run on the date when the transcript is filed, or due to be filed, in the first appeal. Very specifically, this time limit clock was unaffected by whether the defendant was later resentenced, thereby creating the possibility of another appeal.

The 2004 decision of the Tenth District in *Laws* stating this rule was noted approvingly by the post-*Foster* cases of *Casalicchio* in the Eighth District in 2008 and the

---

[82] *Id.*

[83] *State v. Laws*, No. 04AP283, 2004 WL 2757841 (Ohio Ct. App. Dec. 2, 2004).

[84] *Casalicchio*, 2008 WL 2058528, at *4 (citing *Laws*, 2004 WL 2757841, at **6-7).

[85] *Id.*

-17-

Seventh District in this case.[86] In addition, the Fifth District in the 2006 case of *State v. Gross*[87] also concluded that the imposition of a second sentence, with a corresponding second appeal, did "not serve to restart the clock for postconviction relief purposes...."[88]

Accordingly, regardless of whatever confusion might have existed shortly after *Foster* as to whether a given pre-*Foster* sentence was void or voidable, Ohio was clear and unambiguous that Ohio Revised Code § 2953.21(A)(2) imposes a mandatory jurisdictional time limit of 180 days from when the transcript must be filed on direct appeal within which to file for postconviction relief. Accordingly, Haschenburger's attempt to state an equitable ground for not complying with this clear, known requirement is not persuasive and, therefore, that equitable tolling here should be denied.

Without any tolling, this petition should be dismissed as untimely.

## Conclusion

For the foregoing reasons, I recommend that the petition of William Haschenburger for a writ of habeas corpus be dismissed as untimely.

Dated: August 27, 2013                              s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

---

[86] *See*, ECF # 6, Attachment at 366. ("We find the Tenth District's reasoning in *Laws* persuasive.")

[87] *State v. Gross*, No. CT2006-0006, 2006 WL 3804532 (Ohio Ct. App. Dec. 20, 2006).

[88] *Gross*, 2006 WL 3804532, at *4.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[89]

---

[89] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).