PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HASCHENBURGER, | ) | |
| | ) | CASE NO. 4:11cv1196 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BENNIE KELLY, *Warden*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Regarding ECF No. 9] |

On August, 27, 2013 Magistrate Judge William H. Baughman, Jr. issued a Report

("R&R") recommending dismissal of Petitioner's petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 as untimely.  ECF No. 9.  Petitioner filed an objection on September 10, 2013.

ECF No. 10.  For the reasons that follow, the Court overrules Petitioner's objection, adopts the

R&R and dismisses the petition as untimely.

## I. Background

Petitioner was convicted in 2005 of ten counts of rape and sentenced to 10 years in prison

for each count, for a total of 100 years.  ECF No. 9 at 1.  He timely appealed, and the court of

appeals vacated the conviction on one count.  ECF No. 9 at 1.  The court of appeals also vacated

his sentences as to all counts because of the recent Ohio Supreme Court decision *State v. Foster*,

845 N.E.2d 470 (Ohio 2006), and remanded for resentencing.[1]  *State v. Haschenburger*, 2007

WL 969067, at *13 (Oh. Ct. App. March 27, 2007).  The trial court resentenced him in

November 2007 on nine counts for a total of 90 years.  ECF No. 9 at 6.  Petitioner again timely

---

[1] The *Foster* court held that portions of Ohio's sentencing statute regarding maximum
and consecutive sentence findings were unconstitutional.  845 N.E.2d at 494.

(4:11cv1196)

appealed, and the trial court's judgment was affirmed.  ECF No. 9 at 7.

In September 2008, Petitioner filed a state post-conviction petition, which the trial court

denied as untimely pursuant to R.C. 2953.21(A)(2), which requires a petition to be filed within

180 days after the trial transcript is certified to the court of appeals.  ECF No. 9 at 7.  The court

of appeals affirmed the trial court's finding that the petition was untimely.  ECF No. 9 at 8.

Petitioner filed this federal habeas petition on June 9, 2011.  ECF No. 1.

The magistrate judge found, and the parties agree, that the one-year federal habeas statute

of limitation period began on February 13, 2009.  ECF No. 9 at 13.  Petitioner filed the instant

petition on June 9, 2011, more than one year after the limitations period expired.  ECF No. 9 at

13.  Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), however, the

statute of limitations is tolled pending a state post-conviction petition.  *See* 28 U.S.C. §

2244(d)(2).  Petitioner argued that his post-conviction petition in the trial court filed in

September 2008 is an action that tolled the statute of limitations.  ECF Nos. 9 at 13; 10 at 8.

The magistrate judge found that the September 2008 action did not toll the AEDPA

statute of limitations because the state courts had found the petition untimely, meaning it was not

"properly filed" for purposes of tolling the one-year limitations period.  ECF No. 9 at 14.  The

magistrate judge also considered whether Petitioner is entitled to equitable tolling pursuant to

*Holland v. Florida*, 560 U.S. 631 (2010), and found that he is not.  ECF No. 9 at 14-18.

Petitioner objects to these findings.  ECF No. 10.  He argues that the law in Ohio at the

time he filed his September 2008 action was such that it was "properly filed," and that the

magistrate judge erred in finding the limitations period did not toll.  ECF No. 10 at 9.  He also

(4:11cv1196)

asserts that the magistrate judge erred in finding that he is not entitled to equitable tolling.  ECF

No. 10 at 20.

## II.  Legal Standard

When an objection has been made to a magistrate judge's report and recommendation, the

district court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge must

determine *de novo* any part of the magistrate judge's disposition that has been properly objected

to.  *Id*.  The district judge may: accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions.  *Id.*

Accordingly, the Court has conducted a *de novo* review of the magistrate judge's Report

and has considered Petitioner's arguments raised in his objection.  The Court agrees with the

recommendation of the magistrate judge that the petition be dismissed as untimely.

## III.  Analysis

### A.  Statutory Tolling

The issue of whether Petitioner's post-conviction petition in the state court tolls the

AEDPA statute of limitations turns on the timeliness of his state petition.  *See Pace v.*

*DiGuglielmo*, 544 U.S. 408, 417 (2005).  Pursuant to R.C. 2953.21(A)(2), a post-conviction

petition "shall be filed no later than one hundred eighty days after the date on which the trial

transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or

adjudication."  The trial court found that the operative date was 180 days following the date

Petitioner's trial court transcript was certified to the court of appeals in his direct appeal, which

was on April 13, 2006.  ECF Nos. 6-1 at 315; 9 at 14.  Because Petitioner did not file a state

(4:11cv1196)

petition until after his November 2007 resentencing, 881 days after his transcript was certified in

his direct appeal, the trial court found the petition untimely.  ECF Nos. 6-1 at 315; 9 at 13-14.

Petitioner urges the Court to find that his post-conviction petition was timely because the

Ohio courts were "fluctuating and inconsistent" in its rulings pertaining to whether resentencing

voids the original sentence or makes it merely voidable.  ECF No. 10 at 9.  He claims that at the

time of his first appeal, in 2006, Ohio courts had ruled that the sentencing deficiency present in

Petitioner's case rendered the sentence void.  Therefore, Petitioner argues, because his original

sentence was void, his "first appeal" is the appeal of his resentencing in 2007, rather than the

appeal of his original conviction in 2006.  ECF No. 10 at 9.

In support of his argument, Petitioner cites numerous Ohio cases that address the issue of

"void" versus "voidable" sentences pursuant to *Foster*.  *See, e.g.*, ECF No. 10 at 9-10.  However,

none of these cases considered a void or voidable sentence in the context of a post-conviction

petition.  Ohio courts that have considered the timeliness of a post-conviction petition after the

original sentence was remanded for resentencing have found that the 180 days begins to run after

the transcript is filed in the original, direct appeal.  *See State v. Laws*, 2004 WL 2757841 (Ohio

Ct. App. Dec. 2, 2004); *State v. Casalicchio*, 2008 WL 2058528 (Ohio Ct. App. May 15, 2008);

*State v. O'Neal*, 2008 WL 5205205 (Oh. Ct. App. Dec. 15, 2008).

In the instant case, the court of appeals affirmed the trial court's finding that Petitioner's

post-conviction petition was untimely, and thoroughly considered Petitioner's arguments

pertaining to "void" and "voidable."  *See State v. Haschenburger*, 2009 WL 4758813, at *4-5

(Oh. Ct. App. Dec. 10. 2009).  The court found *Laws* persuasive in finding that the time for a

4

(4:11cv1196)

post-conviction petition begins to run 180 days after the trial transcript is filed in the court of

appeals in the direct appeal of the judgment.  *Id*. at *5.  The magistrate judge also reviewed the

applicable case law, the court of appeals' opinion, and Petitioner's arguments.  ECF No. 9 at 15-

18.  Although Petitioner contends that the magistrate judge "should have recommended that the

Petitioner's post-conviction petition was 'properly filed' because Ohio law [] held [] that the

prisoner's original sentence was void," ECF No. 10 at 8-9, Petitioner does not sufficiently

explain how, even if the original sentence were void, the petition should be deemed "properly

filed" given the above-cited case law which supports a finding that his petition was not "properly

filed."

Petitioner advances *State v. Roberts*, 2007 WL 3052212 (Oh. Ct. App. Oct. 19, 2007) in

support of his argument, and claims that the court of appeals "either misunderstands the *Roberts*

case or intentionally mischaracterizes it." ECF No. 10 at 13, 15.  Having reviewed *Roberts*, the

undersigned understands and characterizes it as the court of appeals did.  The court of appeals

noted that the *Roberts* court "dealt with multiple, *simultaneous* appeals," rather than "a

*subsequent* appeal of a resentencing," and that *Roberts* did not address whether the petition was

timely pursuant to R.C. 2953.21.  *Haschenburger*, 2009 WL 4758813, at *4 (emphasis in

original, citing *Roberts*).  *Roberts* is, therefore, inapplicable to the instant case.

## B. Equitable Tolling

Petitioner argues that the magistrate judge erred by not finding that Petitioner is entitled

to equitable tolling.  ECF No. 10 at 20.  A petitioner may be entitled to equitable tolling "only if

he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

(4:11cv1196)

circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct., at 2553 (citing

*Pace*, 544 U.S. at 418).  The magistrate judge found that Petitioner failed to state an equitable

ground for noncompliance with the 180-day requirement, and denied Petitioner equitable tolling.

Petitioner argues that he should be entitled to equitable tolling because "[t]here was

ample Ohio law to suggest that his first sentence was void." ECF No. 10 at 21.  As noted above,

however, the 180-day filing requirement is clearly set forth in R.C. 2953.21(A)(2) and, prior to

Petitioner's direct appeal, an Ohio court of appeals had found the requirement corresponds to the

direct appeal.  *See Laws*, 2004 WL 2757841, at \*2.

Petitioner also claims that an "attorney's failure to satisfy professional standards of care

may constitute 'extraordinary circumstances' for purposes of obtaining an equitable toll in a

habeas corpus proceeding," and that, because Petitioner's trial counsel committed misconduct,

extraordinary circumstances are present here. ECF No. 10 at 23 (citing *Robertson v. Simpson*,

624 F.3d 781, 785 (6th Cir. 2010)).  However, the egregious conduct committed by an attorney

for equitable tolling purposes must have effected the filing of the federal habeas petition.  *See id*.

Although Petitioner alleges his trial counsel violated professional standards and "abandoned"

him, ECF No. 10 at 21, his explanations describe how this effected his trial and his reasons for

not timely filing a state post-conviction petition, not his ability to timely file a federal habeas

petition.  *See* ECF No. 10 at 22.  Petitioner had until February 12, 2010 to file a federal habeas

petition, during which time he was actively pursuing appeals in state court while represented by

legal counsel.

In sum, the magistrate judge did not err in finding that the Ohio courts properly

(4:11cv1196)

determined Petitioner's post-conviction petition was untimely and, thus, it is not properly filed

for purposes of tolling the AEDPA statute of limitations.  Nor is Petitioner entitled to equitable

tolling.  Accordingly, Petitioner's objections are overruled.

### IV.  Conclusion

For the reasons stated above, the Court adopts the magistrate judge's Report and

Recommendation.  ECF No. 9.  Petitioner's petition is dismissed as untimely.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith, and that there is no basis upon which to issue a certificate of

appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


 September 27, 2013                          /s/ Benita Y. Pearson
Date                                      Benita Y. Pearson
                                          United States District Judge